IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMERICAN PILEDRIVING EQUIPMENT, INC. | * | |
| Plaintiff | * | |
| v. | * | Civil No.: ELH-11-01404 |
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, et al. | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM**

Joseph G. Leone, pro se, has filed a "Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In a Civil Action" ("Motion to Quash," ECF 16). The Motion to Quash is in response to a subpoena served upon Mr. Leone by Travelers Casualty and Surety Company of America ("Travelers"), a defendant in the above case, pursuant to FED. R. CIV. P. 45. Mr. Leone, a resident of Georgia, is not a party to the instant case. But, he is a defendant in a related case now pending before Judge Legg, Civil Action 11-1105. Travelers opposes the Motion to Quash. *See* ECF 17. The court now rules pursuant to Local Rule 105.6, no hearing being necessary.

By way of background, American Piledriving Equipment, Inc. ("APE"), the plaintiff in this case, has sued Travelers and others, claiming that it is owed money for equipment and materials provided in connection with services rendered for a public construction project known as the Patapsco Wastewater Treatment Plant Denitrification Filters Upgrade and Expansion Project No. SC852R (the "Project"), located in Baltimore, Maryland. Fru-Con Construction Corporation ("Fru-Con"), the plaintiff in the case pending before Judge Legg, was the general contractor for the Project. Fru-Con, as principal, and Travelers, along with the other two

defendants in this case, Fidelity Deposit and Insurance Company of Maryland and Zurich American Insurance Company, as co-sureties, furnished a payment bond for the Project. Fru-Con also entered into a subcontract agreement with Mr. Leone, d/b/a J. G. Leone Enterprises (collectively, "Leone"), for the performance of certain piledriving work on the Project. According to APE, Leone entered into various rental agreements and equipment purchase orders with APE for the Project, but failed to make the requisite payments to APE, for the equipment and materials. According to APE, Leone owes in excess of $250,000. Therefore, APE filed suit against the defendants, as co-sureties, seeking to recover under the payment bond.

Mr. Leone complains in the Motion to Quash that the subpoena improperly seeks production of "[c]ommercial information relative to the business relationship between [APE] and Leone," which is "privileged and confidential." Motion to Quash, ¶ 6. Further, he asserts: "The release of this information may have a detrimental effect on any defense or counterclaim Leone has yet to make under civil action number 11-1105." *Id.*[1]

In Travelers' Opposition to the Motion To Quash Subpoena Duces Tecum ("Opposition," ECF 17), Travelers asserts that the requested documents are "routine business records, which are plainly relevant to this litigation, and are neither privileged or confidential." *Id.* at 2. Further, Travelers argues: "A simple review of the documents requested by Travelers reveals that the documents requested are precisely the sort [of] business records which are routinely discoverable during litigation." *Id.* at 3. Travelers adds that the documents are relevant to the litigation, and notes that Leone has failed to identify any authority under which the documents would be classified as privileged or confidential. *Id.* As evidenced by the copy of the Subpoena (ECF 17-

---

[1] An entry of default has been entered by the Clerk against Leone in Civil Action 11-1105. Leone has filed a motion to set aside the entry of default, which is pending before Judge Legg.

1) attached to Travelers' Opposition to the Motion to Quash (ECF 17), the documents sought by Travelers appear to relate solely to the Project.

In addition, pursuant to the Affidavit of Robert Windus, Esquire, counsel for Travelers, Travelers seeks to recover from Mr. Leone the sum of $648 in attorney's fee incurred in responding to and defending against "Leone's entirely unfounded Motion To Quash." ECF 17-2 at 2.[2]

Mr. Leone subsequently filed his "Reply To Travelers Casualty Surety Company of America's Response In Opposition To Joseph G. Leone's Motion To Quash Subpoena Duces Tecum" ("Reply," ECF 19). In his Reply, Mr. Leone acknowledges that he entered into a subcontract agreement with Fru-Con and rented pieces of equipment from APE "to perform portions of the work." *Id.* at 1. Further, he claims that APE is in custody of various documents sought by the subpoena, and that they are "easily obtainable from APE through normal discovery" in this case. *Id.* at 2. Quoting from the subpoena, Mr. Leone maintains, *id.*, that the documents sought by the subpoena relating to

> provision of equipment or services, purchase orders, communications, correspondence, emails, diaries, personal files, memos, logs, notes, evaluations, assessments, suggestions, critiques, and calendars are confidential communications and are crucial to Leone's defense under Case No. 11-1105, and therefore are privileged and protected as trail [sic]-preparation material under Fed. R. Civ. P. 45(d)(2)(A).

Under Rule 45(d)(1) of the Federal Rules of Civil Procedure, a nonparty subpoenaed for production of documents may object to the production of documents and things. *See also Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525 (D. Del. 2002). FED. R. CIV. P. 45(c)(1) provides: "A party or attorney responsible for issuing and serving a

---

[2] The amount of attorney's fees is based on an hourly rate of $325 for Windus, and an hourly rate of $185 for his associate. According to Windus, his associate spent 2.8 hours of time with respect to this matter, and he spent 0.4 hours of time.

subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. . . ." FED. R. CIV. P. 45(c)(3)(A)(iii) states that the issuing court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter . . ." or (iv) "subjects a person to undue burden." Under FED. R. CIV. P. 45(d)(2)(A), a person asserting a claim of privilege or protection for trial-preparation materials must "(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

To the extent that Mr. Leone seeks protection for documents that are trial preparation materials, it does not appear that such materials are actually sought by Travelers. In any event, the work product doctrine, embodied in Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, does not apply here. Rule 26(b)(3)(A) states:

> Ordinarily, a party may not discover documents and tangible things that are *prepared in anticipation of litigation* or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But . . . those materials may be discovered if:
>
> > (i) they are otherwise discoverable . . . ; and
>
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. (Emphasis added.)

The meaning of the work product doctrine has been developed in case law. *See* 2 EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK PRODUCT DOCTRINE 826 (5th ed. 2007) ("Epstein"). The doctrine applies to material prepared when there is "'some possibility of litigation.'" *APL Corp. v. Aetna Cas. & Sur. Co.*, 91 F.R.D. 10, 15 (D. Md. 1980) (quoting *In re Grand Jury Investigation,* 599 F.2d 1224, 1229 (3d Cir. 1979)). However, the movant, such as Mr. Leone, bears the burden of demonstrating that documents were created in anticipation of litigation. *See, e.g.*, *Sandberg v. Va. Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir. 1992) ("The

burden of proof rests with . . . the party asserting the work product doctrine, to demonstrate that the notes were prepared in anticipation of litigation."), *vac'd on other grounds*, 1993 WL 524680 (4th Cir. Apr. 7, 1993).  *See also In re Grand Jury Proceedings*, 616 F.3d 1172, 1185 (10th Cir. 2010); *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000); *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004).

Courts generally apply the "because of" test, which asks "'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'"  *United States v. Deloitte LLP*, 610 F.3d 129, 137 (D.C. Cir. 2010) (citation omitted).  With the exception of the Fifth Circuit, it appears that all of the circuits that have addressed the matter, including the Fourth Circuit, have adopted the "because of" test.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 985 (4th Cir. 1992) ("The document must be prepared *because* of the prospect of litigation when the [party asserting work product protection] faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation.") (emphasis in original); *see also*, *e.g.*, *Deloitte*, 610 F.3d at 136; *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010); *Prof'ls Direct*, 578 F.3d at 439 (citing *United States v. Roxworthy*, 457 F.3d 594 (6th Cir. 2006)); *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004); *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002); *Maine v. U.S. Dept. of the Interior*, 298 F.3d 60, 68 (1st Cir. 2002); *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 305 (3d Cir. 1999); *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998).[3]

---

[3] To my knowledge, the Tenth Circuit has not addressed the issue.

In this case, there is no indication that any of the requested documents "embody opinions and theories about the litigation," or were "prepared because of the prospect of litigation." *National Union, supra*, 967 F.2d at 985. Accordingly, there is no basis to conclude that they are entitled to work product protection.

Furthermore, to the extent Mr. Leone asserts that the documents are privileged, he has failed altogether to particularize his claim. *See, e.g.*, Rule 26(a)(5)(A) (requiring a party who withholds information on a claim of privilege to describe the nature of the documents or communications in such a way as to "enable other parties to assess the claim"). In any event, I agree with Travelers that the requested documents are the sort of business records that are routinely discoverable during litigation. A review of the document request makes evident that the requests pertain to the work and performance rendered by Leone in connection with the contract with APE for the Project.

Accordingly, the Motion to Quash (ECF 16) will be denied; Mr. Leone shall produce the requested documents by November 28, 2011. However, this ruling is without prejudice to Mr. Leone's right to seek a confidentiality order from defendants, *who shall negotiate in good faith*, as to documents that Mr. Leone claims, in good faith, are confidential, privileged, or constitute trade secrets. Further, Local Rules 105.11 and 113.3 of this Court will apply.[4]

In addition, to the extent that Mr. Leone persists in his belief that certain documents are privileged, he may elect to submit them to the Court, for *in camera* review, no later than November 21, 2011. For each document, his submission must include an explanation for the basis of the claim of privilege, and notice to defendants of the *in camera* submission.

---

[4] Appendix D to the Local Rules contains a form confidentiality order.

Mr. Leone is reminded that, to justify a claim of confidentiality under FED. R. CIV. P. 26(c)(1) a party must show "good cause." A party establishes good cause by showing that "(1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c) and (2) disclosure would cause an identifiable, significant harm." *DeFord v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987). *See Minogue v. Modell,* CCB-03-3391, 2011 WL 1230344, at *4 (D. Md. March 30, 2011). Stated another way, proof that "disclosure would cause a significant harm to [the business's] competitive and financial positions" is required. *DeFord*, 120 F.R.D. at 653; *see Minogue*, 2011 WL 1230344, at *4. *See also Minter v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 136006, *27-31 (D. Md. Dec. 23, 2010).


Date:   November 7, 2011                                /s/
                                             Ellen Lipton Hollander
                                             United States District Judge